UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANDRA JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:09-cv-161-RLY-MJD |
| | ) | |
| UNITED STATES OF AMERICA, acting | ) | |
| through its deemed agent HEALTH AND | ) | |
| HOSPITAL CORPORATION OF MARION | ) | |
| COUNTY f/k/a CITIZENS HEALTH | ) | |
| CENTER, | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S BELATEDLY AND INADEQUATELY DISCLOSED EXPERT WITNESS**

Plaintiff moves to exclude the testimony of Defendant's expert witness, Dr. Stankus, on two grounds: (1) Defendant filed its expert report beyond the Case Management Plan ("CMP") deadlines, and (2) Defendant's disclosure does not conform to FED. R. CIV. P. 26.

With regard to Plaintiff's first argument, the CMP provides that:

> G. Defendant shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by FED. R. CIV. P. 26(a)(2)(B) within 60 days after Plaintiff serves its expert witness disclosure; or if none, Defendant shall make its expert disclosure on or before April 12, 2010. However, if Defendant uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

(Docket # 12, Tendered Case Management Plan, at 5; *see also* Docket # 13, Case

1

Management Approved as Submitted).

Here, Plaintiff served her expert disclosure on March 12, 2010. Plaintiff contends that Defendant should have filed its expert disclosure no later than May 12, 2010. Defendant served its expert disclosure on May 27, 2010. Plaintiff's argument glosses over the fact that the summary judgment deadline was extended to July 12, 2010. (Docket # 26, Marginal Entry granting the Defendant's Motion for Extension of Discovery and Dispositive Motions Deadlines). Accordingly, Defendant's disclosure was timely filed within thirty days of the summary judgment deadline.

Plaintiff also argues that Defendant's expert disclosure fails to provide: (1) any reference to compensation paid for expert testimony under FED. R. CIV. P. 26(a)(2)(B)(v), or (2) any reference to prior expert testimony at trial or deposition under FED. R. CIV. P. 26(a)(2)(B)(vi). Defendant represents that: (1) Dr. Stankus' expert report does not include any reference to prior expert testimony at trial or deposition because she has never acted as an expert witness before. (*See* Defendant's Response at 5, n. 1). Defendant further represents that her compensation is $400 per hour for material review and $500 per hour for trial or deposition testimony. (*See id.*). Defendant's representations sufficiently apprise the Plaintiff of the information omitted from her expert report, and are not grounds for the exclusion of her expert report.

Defendant's expert disclosure complies with both the CMP deadlines and Rule 26(a)(2)(B). Accordingly, Plaintiff's Motion to Exclude Testimony of Defendant's

Belatedly and Inadequately Disclosed Expert Witness (Docket # 28) is **DENIED**.

**SO ORDERED** this  7th   day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Paul T. Fulkerson
SKILES DETRUDE
pfulkerson@skilesdetrude.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov