UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA JONES, )<br>　　　Plaintiff, )<br> )<br>　　vs. )<br> )<br>UNITED STATES OF AMERICA, acting )<br>through its deemed agent HEALTH AND )<br>HOSPITAL CORPORATION OF MARION )<br>COUNTY f/k/a CITIZENS HEALTH )<br>CENTER, )<br>　　　Defendant. ) | 1:09-cv-161-RLY-MJD |

**ENTRY AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this medical malpractice claim under the Federal Tort Claims Act ("FTCA"), after she received treatment at the Health and Hospital Corporation of Marion County, formerly known as the Citizens Health Center ("CHC"). In her Complaint, Plaintiff alleges that the conduct of CHC staff in prescribing her Metformin exacerbated her kidney issues, and ultimately led to end stage renal failure. Plaintiff alleges that the conduct of CHC staff fell below the standard of care, and caused her grave injury. CHC now moves for summary judgment on two grounds: (1) Plaintiff cannot establish a prima facie case of medical malpractice, and (2) Plaintiff's contributory negligence was the cause of her injuries and thus, her claim is barred.

1

### A. Plaintiff's Medical Malpractice Claim

The FTCA incorporates the substantive law of the state where the allegedly tortious act or omission occurred. *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991). Thus, Indiana tort law is the substantive law in this case. To establish medical malpractice, a plaintiff must establish that the defendant: (1) owed a duty to the plaintiff; (2) breached its duty by conduct falling below the standard of care; and (3) proximately caused a compensable injury through breach of that duty. *Whyde v. Czarkowski*, 659 N.E.2d 625, 627 (Ind. Ct. App. 1995). A plaintiff must present expert testimony to establish the applicable standard of care and to show whether the defendant's conduct falls below the standard of care. *Id.*

Plaintiff's Complaint alleges that CHC's "negligence in prescribing [Metformin] to Plaintiff Jones has caused damage to her kidneys that is likely irreversible . . . ." (Complaint ¶ 15). However, Plaintiff's expert, Agnes Schrader, M.D. ("Dr. Schrader"), testified that the Metformin did not cause permanent damage to Plaintiff's kidneys. (Deposition of Agnes Schrader, M.C. ("Schrader Dep.") at 19-20, 78, 83-84). In light of this testimony, CHC contends that Plaintiff cannot establish a causal connection between Plaintiff's use of Metformin and her kidney failure.

Dr. Schrader's opinion focused on Plaintiff's use of three medications prescribed to her by CHC staff – Metformin, Glipizide, and Ibuprofen. Dr. Schrader testified that the Metformin caused acidosis (acid in the blood), that the Glipizide likely caused life-threatening hypoglycemia, and that the Ibuprofen caused direct injury to her kidney by

2

elevating her blood pressure and potassium levels (a condition known as hyperkalemia). (Schrader Dep. at 20, 54, 78, 83). Dr. Schrader concluded that it was the conduct of CHC staff in prescribing these three medications to the Plaintiff, knowing that she was a hypertensive diabetic, which fell below the standard of care and caused Plaintiff harm. (*Id.* at 80-81 ("I truly feel it's the combination of lack of understanding of what the three drugs were doing to her, between the Metformin and Glipizide and the Ibuprofen. I just didn't see a recognition that any one of those was made until she really crumpled at the end and ended up in the hospital in November."; *see also id.* at 21-22). Although CHC's expert, Nicole Stankus, M.D. ("Dr. Stankus"), does not agree with Dr. Schrader's expert opinion, Dr. Schrader's expert opinion is sufficient to establish a prima facie case of medical malpractice.

On a related note, CHC argues that Plaintiff cannot proceed under a different set of facts (to include not only the Metformin, but also the Glipizide and Ibuprofen) at the summary judgment stage without amending her Complaint. The record reflects that Plaintiff disclosed Dr. Schrader's expert opinion to CHC on March 12, 2010. CHC thereafter hired Dr. Stankus to respond to Dr. Schrader's opinion, and disclosed her expert report to Plaintiff on May 27, 2010. Thus, CHC was put on notice of Plaintiff's theory of causation prior to filing its July 9, 2010, summary judgment motion. As both Plaintiff and CHC are operating under the same set of facts, there is no prejudice to CHC. Further, the court finds that requiring Plaintiff to amend her Complaint would only serve to prolong these proceedings. Given Plaintiff's precarious medical condition, that is not

an option. Accordingly, CHC's motion for summary judgment on Plaintiff's medical malpractice claim must be **DENIED**.

B.    **Defense of Contributory Negligence**

The court now turns to CHC's defense of contributory negligence. In a medical malpractice action, "[a] patient may not recover . . . where the patient is contributorily negligent by failing to follow the defendant physician's instructions if such contributory negligence is simultaneous with and unites with the fault of the defendant to proximately cause the injury." *Cavens v. Zaberdac*, 849 N.E.2d 526, 529 (Ind. 2006) (citing *Harris v. Cacdac*, 512 N.E.2d 1138, 1139-40 (Ind. Ct. App. 1987). The existence of contributory negligence is typically a question of fact. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 516 (Ind. Ct. App. 2000).

Here, CHC presents evidence that Plaintiff failed to control her conditions of diabetes and hypertension, failed to make or keep appointments with medical providers, failed to take her prescribed medications on a regular basis, and misused illegal drugs on occasion. Dr. Schrader acknowledges this point in her expert report, but concludes that the side effects of the Glipizide (the hypoglycemia) and the Ibuprofen were likely the precipitating cause of her need for dialysis. Dr. Schrader's expert report concludes as follows:

> Overall, [Plaintiff] had multiple issues that compromised her care, many related to her own choices and abilities, however the hypoglycemia issues were life threatening. The Ibuprofen was a secondary issue which likely had a role in shortening the time she had before needing to start dialysis and worsening her risk for death from hyperkalemia.

(Dr. Schrader's Expert Report, Plaintiff's Ex. 10). This case is a close call. However, given Dr. Schrader's expert opinion, the court finds that this issue is best left for a jury to decide. Accordingly, CHC's motion for summary judgment on its defense of contributory negligence must also be **DENIED**.

    **C.**    **Conclusion**

For the reasons set forth above, the court finds genuine issues of material fact remain on Plaintiff's medical malpractice claim and on CHC's defense of contributory negligence. Accordingly, CHC's Motion for Summary Judgment (Docket # 36) is **DENIED**.

**SO ORDERED** this  7th   day of January 2011.

                                                _____
                                                RICHARD L. YOUNG, CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Electronic Copies to:

Paul T. Fulkerson
SKILES DETRUDE
pfulkerson@skilesdetrude.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov